# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOSE RODRIGUEZ,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

Case No.:

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Jose Rodriguez, by and through his counsel, and for his Complaint pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act , 15 U.S.C. §1681, *et seq*. (hereinafter the "FCRA").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Deland, Volusia County, Florida.

4. Venue is proper in the Middle District of Florida.

## PARTIES

5.  Plaintiff is a natural person residing in the city of Deland, Volusia County, Florida.

6.  The Defendant to this lawsuit is Equifax Information Services, LLC ("Equifax"), a foreign limited liability company that conducts business in the State of Florida.

## GENERAL ALLEGATIONS

7.  The tradelines ("Errant Tradelines") of National Credit Adjusters opened 12/2019; Midland Credit Management opened 10/2020, 9/2020 ($528.00) balance, 9/2020 ($1,155 balance); Portfolio Recovery Associates opened 9/2021; and LVNV opened 9/2020 are erroneously reporting as "consumer disputes account" or "consumer disputes the account information" on Plaintiff's Equifax credit file.

8.  Plaintiff no longer disputes the Errant Tradelines.

9.  On or about October 4, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting with erroneous dispute notations.

10. On or about February 23, 2024, Plaintiff sent a letter to Equifax stating that he no longer disputes the Errant Tradelines and wants the dispute notations removed from the tradelines.

11. Equifax received Plaintiff's letter on March 20, 2024.

12. Equifax forwarded Plaintiff's letter to National Credit Adjusters, Midland Credit Management, Portfolio Recovery Associates, and LVNV (collectively the "Furnishers").

13. The Furnishers received Plaintiff's letter forwarded by Equifax.

14. On or about May 13, 2024, after not having received reinvestigation results from Equifax, Plaintiff obtained his Equifax credit disclosure, which showed National Credit Adjusters last reported the tradeline on May 1, 2024; Midland Credit Management last reported the tradelines on April 26, 2024; Portfolio Recovery Associates last reported the tradeline on April 18, 2024; and LVNV last reported the tradeline on April 12, 2024, and that Equifax and the Furnishers failed or refused to remove the erroneous dispute notations from the Errant Tradelines.

15. Defendant's failures to remove the erroneous dispute notations make the Errant Tradelines false and misleading to any user of Plaintiff's credit report.

16. Defendant's failures to remove the erroneous dispute notations also damage Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

17. As a direct and proximate cause of Defendant's negligent and/or willful failure to comply with the FCRA, Plaintiff suffers credit and emotional damages.

18. Plaintiff also has suffered stress, anxiety, and frustration, and other

forms of emotional distress resulting in loss of sleep, inability to concentrate, loss of work, and pain due to Defendant's failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms because of Defendant's violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

19. Plaintiff realleges the paragraphs 1 through 18 above as if recited verbatim.

20. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in §1681a.

21. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

22. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of §1681e(b).

23. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by §1681i.

24. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffers stress, anxiety, and frustration,

and other forms of emotional distress resulting in loss of sleep, inability to concentrate, loss of work, and pain.

25. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with him reasonable attorneys' fees pursuant to §1681*o*.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

26. Plaintiff realleges the paragraphs 1 through 18 above as if recited verbatim.

27. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in §1681a.

28. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of §1681e(b).

30. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax

willfully failed to conduct a reasonable reinvestigation as required by §1681i.

31. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffers stress, anxiety, frustration, and other forms of emotional distress resulting in loss of sleep, inability to concentrate, loss of work, and pain.

32. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with him reasonable attorneys' fees pursuant to §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted, June 28, 2024

/s/ *Santiago J Teran*
Santiago J Teran
Florida Bar #1018985
2125 Biscayne Blvd., Suite 206
Miami, FL 33137
Telephone: (347) 946-7990
santiago@sjteran.com
*Attorney for Plaintiff*